McClintock *v.* Lang, *et. al.*

cation made by plaintiff, and that plaintiff then knew of such attempt and did not disclose it to the agent, and if the jury believe that a knowledge of such attempt was material to the risk, then their verdict must be for defendant, if the agent of defendant had not sufficient knowledge to put him upon inquiry as to said prior attempt to burn the building.

*Held,* That the Court erred in the refusal and in the charge given, first in assuming that an attempt to fire the building insured might be a circumstance not material to the risk, and second in treating the information which was sufficient to put the agent upon inquiry as sufficient to justify plaintiff in his failure to communicate the facts within his knowledge, notwithstanding his attention was particularly called to the subject at the time the application was prepared and signed.

*Held,* Also, that the Court erred in charging as requested by plaintiff, that if the jury believe from the evidence that the application produced by defendant is not the legitimate application signed by plaintiff, and upon which the policy issued, then there is no proof in the case upon which the jury are authorized to find what the contents of this application were, or that there was any warranty in it to affect plaintiff's right of recovery. The evidence of plaintiff sufficiently shows that he was inquired of concerning attempts at incendiarism, and that he gave a negative answer. It also shows that he warranted the correctness of his answers so far as pertaining to the risk.

The judgment was reversed, with costs, and a new trial ordered

---

FREEMAN McClintock *vs.* Alva C. Lang *et. al.*

Where the complainant's equity is based upon a refusal to perform a parol agreement to give a mortgage upon lands, the Court will not enforce it when such understanding or agreement was indefinite, and no steps were taken toward reparing such mortgage and agreeing upon its terms.

Where notice of taking testimony does not proceed from any party having the right to give it the Court will suppress such testimony as irregularly taken.

Where a decree is taken for too large an amount it will be reversed and cause remanded.

Appeal from Shiawassee Circuit in Chancery.

*Opinion by* COOLEY, J.—The bill in this case appears to have

been filed to enforce an equitable lien on eight acres of land, and also to foreclose a mortgage on ten acres of the same land. In February, 1857, defendant, Alva C. Lang, who is, or was, the husband of the defendant, Harriet C., was owner of the ten acres of land mentioned, and being then in debt to the complainant, and being also desirous of obtaining from him advances to enable this defendant to build a house and make other improvements on said land, conveyed the land to complainant by a deed, absolute in form, his wife joining therein, which deed, however, was intended as a mere security for such indebtedness and advances. While complainant so held said land as security, said Alva C. Lang proposed to him that it be reconveyed, and said Alva would file the necessary document in the office of the Register of Deeds, setting the same apart as a homestead; and could then give complainant a mortgage signed by himself and wife to secure the amount due to complainant. And complainant, relying upon this promise, did reconvey the land to said Alva by deed, dated May, 1859, and the said document was then filed, as promised. The bill alleges that defendant, Harriet C., knew of the indebtedness and advances, and that the same accrued and were made to said Alva in the purchase of said land and in the improvement thereof; and she was also cognizant of the agreement to secure the same by mortgage. The bill was filed May, 1867, and amended August, 1867, at which time the sum of $577 was claimed to be due and secured by this equitable lien.

While the complainant has been sleeping for eight years upon his rights, the position of the other parties has changed in important particulars. Harriet C. has become the owner of the land, and Alva C. claims to have obtained a divorce from her, and now appears as a witness in this case to make out the necessary facts to establish the lien. The present suit was not instituted until the debtor defendant had parted with the property to be charged, and he comes forward with his own testimony to establish a lien upon his own debt upon lands owned by his co-defendant, with whom, in the meantime, he has had difficulties sufficient in his own opinion to warrant a divorce.

But the Court refused to put a decision of the case upon the laches of the defendant, and held that the bill so far as this equitable lien is concerned, is in the nature of a bill for the specific perform-

7

ance of a contract. The complainant's equity is based upon the refusal to perform a parol agreement to give a mortgage upon lands. On a review of this branch of the case the Court held that the alleged understanding was very indefinite at best, and that no steps were ever taken toward preparing a mortgage or agreeing upon its terms.— The claim was therefore denied.

Upon the other branch of the case a question of practice becomes important. Mr. Lang interposed a defense to the mortgage, and took evidence in support of such defense. This evidence, however was suppressed by the Court as irregularly taken, because the notice of taking the same did not proceed from any party having the right to give it.

*Held,* That the Circuit Judge properly suppressed it. The notice did not come regularly from the solicitor.

The evidence of the defense being properly suppressed the Court below had no discretion but to give decree for the amount of the mortgage. But the decree actually made having been too great, it must be reversed and the cause remanded, with direction to enter a decree in accordance with these views. A reference is ordered for the purpose of accounting.